PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY NUMANN, | ) | |
| | ) | CASE NO. 4:24CV0672 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 2] |

**I. Background**

*Pro Se* Plaintiff Gregory Numann is a federal prisoner incarcerated at FCI Elkton. He has filed a fee-paid prisoner civil rights Complaint (ECF No. 1) in this case against the Federal Bureau of Prisons ("BOP"). Plaintiff asserts a violation of his rights under the Eighth Amendment on the basis that, from "January 2023 to [the] present day, FCI Elkton refuses to release medical records indicating why [he] was denied a cardiologist consult despite provider request." ECF No. 1 at PageID #: 4, § IV(B). Exhibits attached to the Complaint, to which Plaintiff refers to support his claim, show on their face that he was enrolled into the Chronic Care Clinic at FCI Elkton, was seen and evaluated by medical staff regarding complaints of chest pain, and was denied a requested consult with a cardiologist by the prison Utilization Review Committee ("URC") on the basis that the evaluation and tests he was provided (including a coronary CTA test and two echocardiograms) revealed results within normal range. *See* ECF No. 1-2 at PageID #: 31, 33. Plaintiff was further informed that there was no "further paperwork

(4:24CV0672)

available" as to that decision and that he should raise any future concerns he had with his provider via a sick call request. ECF No. 1-2 at PageID #: 33.

The Complaint (ECF No. 1) does not on its face request any specific form of relief. Plaintiff, however, did contemporaneously file a Motion for Injunction to Provide Medical Records (ECF No. 2).

**II. Law and Analysis**

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe his complaint indulgently and hold it to less stringent standards than formal pleadings drafted by lawyers. *See* Haines v. Kerner, 404 U.S. 519, 520 (1972); Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999). Nonetheless, even *pro se* plaintiffs must satisfy basic pleading requirements, and courts are not required to "conjure allegations on a litigant's behalf" or create claims for them. Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) (citation omitted).

District courts are expressly required under 28 U.S.C. § 1915A to screen all prisoner complaints seeking redress from governmental defendants, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant whom is immune from such relief. *See* Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S.

(4:24CV0672)

544 (2007), for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915A).

Furthermore, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their own jurisdiction in every case. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Sua sponte* dismissal of even a fee-paid complaint is appropriate without affording the plaintiff an opportunity to amend when the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480.

The Court finds that the Complaint (ECF No. 1) warrants *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A and *Apple v. Glenn*.

The Complaint (ECF No. 1), even liberally construed, alleges no plausible civil rights claim. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), established a limited private right of action against individual federal government officials alleged to have violated a plaintiff's constitutional rights under color of federal law. But the Supreme Court has made clear that an action under *Bivens* lies only against individual federal officials. No *Bivens* claim lies against federal agencies or departments such as the BOP, which is the only defendant Plaintiff names in his Complaint. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (holding that "[t]he purpose of *Bivens* is to deter individual federal officers from committing constitutional violations" and that if a prisoner in a BOP facility alleges a

(4:24CV0672)

constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, not the BOP or the United States); *Okoro v. Scibana*, 63 Fed.Appx. 182, 184 (6th Cir. 2003).

In addition, even if the Complaint (ECF No. 1) named a defendant subject to suit under *Bivens*, Plaintiff's complaint on its face lacks legal plausibility. Failure to provide adequate medical care to a prisoner violates the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To make out a claim, a prisoner must demonstrate objective and subjective components. He must demonstrate both that his medical condition posed a "substantial risk of serious harm" to him, and that a prison official acted with deliberate indifference as to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (citation omitted). "Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (citations omitted).

Plaintiff's allegations on their face fail to demonstrate a plausible claim that a prison official was "deliberately indifferent" to his medical needs within the meaning of the Eighth Amendment. Rather, the Complaint (ECF No. 1) and exhibits on their face make clear that he has been seen and evaluated by prison medical staff and that prison officials determined, based

4

(4:24CV0672)

on tests administered to him, that Plaintiff did not require a consultation with a cardiologist. Even though Plaintiff apparently disagrees with the prison medical staff's assessment of his condition and the decision of the URC to deny his request for a cardiologist consult, it is well-established that a prisoner's disagreement with the level of testing or treatment he receives does not rise to the level of a constitutional violation. *See Dodson v. Wilkinson*, 304 Fed.Appx. 434, 440 (6th Cir. 2008); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) ("differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim"). Moreover, when as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). And allegations of medical malpractice or negligent diagnosis and treatment are insufficient to state an Eighth Amendment claim. *Jennings v. Al-Dabagh*, 97 Fed.Appx. 548, 549-50 (6th Cir. 2004).

From the face of the Complaint (ECF No. 1), no plausible inference can be drawn that the medical treatment Plaintiff has been provided is "so woefully inadequate as to amount to no treatment at all." *Mitchell v. Hininger*, 553 Fed.Appx. 602, 604 (6th Cir. 2014) (citation omitted) (stating that when a prisoner has received some medical treatment, in order to state a constitutional claim, he must show that his treatment was "so woefully inadequate as to amount to no treatment at all").

5

(4:24CV0672)

Finally, Plaintiff's filings also do not support a plausible claim to the extent he contends his rights were violated on the basis he was refused "medical records." He has not alleged facts permitting a plausible inference that records have been withheld from him or that such conduct, even if it occurred, posed a substantial risk of serious harm to him in which a prison official acted with deliberate indifference.

### III.  Conclusion

For all of the reasons stated above, the Complaint (ECF No. 1) lacks the legal plausibility necessary to invoke federal subject-matter jurisdiction, and is dismissed pursuant to 28 U.S.C. § 1915A and the Court's authority established in *Apple v. Glenn*.  Plaintiff's Motion for Injunction to Provide Medical Records (ECF No. 2) is denied.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
|   July 31, 2024 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |